**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MIKE HANKS,**

      **Plaintiff,**

vs.                                                   **No. CIV-09-0946 WJ/LAM**

**SCOTT NICHOLS, INC., individually
and d/b/a SCOTT NICHOLS TOYOTA,
and SCOTT NICHOLS,**

      **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART *DEFENDANTS' MOTION TO
COMPEL RESPONSES TO REQUESTS FOR PRODUCTION (Doc. 19)***

      **THIS MATTER** is before the Court on ***Defendants' Motion to Compel Responses to Requests for Production*** (*Doc.19*) (hereinafter, "***Motion***"), filed January 11, 2010. Plaintiff filed a response on January 22, 2010. ***Plaintiff's Response in Opposition to Defendants' Motion to Compel*** (hereinafter, "***Response***") (*Doc. 21*). On February 5, 2010, Defendants filed ***Defendants' Reply in Support of Motion to Compel Responses to Requests for Production*** (hereinafter, "***Reply***") (*Doc. 23*). Both sides have asked for attorney's fees related to the motion. ***Motion*** (*Doc. 19*) at 3; ***Response*** (*Doc. 21*) at 7; ***Reply*** (*Doc. 23*) at 6. The Court held a telephonic hearing on the motion on February 18, 2010, at which counsel for both parties appeared. ***Clerk's Minutes*** (*Doc. 25*). Having reviewed the ***Motion***, ***Response***, ***Reply***, the arguments of counsel at the hearing, and the relevant law, the ***Motion*** will be **GRANTED IN PART and DENIED IN PART** and no attorney's fees will be awarded.

      Defendants assert in their ***Motion*** that Plaintiff has inadequately responded to their Requests for Production Nos. 22, 23, and 24. ***Motion*** (*Doc. 19*) at 1. Specifically, Defendants request that

Plaintiff sign authorizations for the release of all employment records from all of Plaintiff's "past and present employers," including medical records, the release of federal income tax returns from 2002 to 2008, and for the release of social security earnings reports from 1999 to 2008. *Id.* at 7–9. Plaintiff refused to sign these releases and objected on the grounds that they sought to create documents that were not in existence and were beyond the permissible scope of discovery. *Id.*, Exhibit 1, at 6 (Plaintiff's objections to the requests for production). Instead, Plaintiff provided his W2s for the "past five years." *Id.* In their submissions, Defendants argued that these documents were relevant to defend against Plaintiff's claims for damages, including lost wages, lost income, and lost earning capacity. *Id.* at 2; **Reply** (*Doc. 23*) at 1, 3–5. In response, Plaintiff argued that Defendants' motion is an attempt at a "fishing expedition" and beyond the scope of permissible discovery. *See generally* **Response** (*Doc. 21*) at 3. At the telephonic hearing, counsel argued the motion in accordance with their submissions. *See* **Clerk's Minutes** (*Doc. 25*). Defendants' counsel further argued that releases for tax returns, social security earnings, and employment records are relevant to whether Plaintiff has mitigated his damages. *Id.*

The Federal Rules of Civil Procedure allow for broad and liberal discovery of any matter that is not privileged as long as it is relevant to a claim or defense of a party. *See* FED. R. CIV. P. 26. The information sought need not be discoverable as long as it leads to the discovery of admissible evidence. *Id.* The rule, however, is not unlimited. *See* FED. R. CIV. P. 26(b)(2).

<u>Request for Production No. 22:  Employment Records Release</u>

Defendants requested that Plaintiff sign the following release:

> I hereby authorize my past and present employers to disclose and release complete and legible copies of personnel, payroll, and medical records concerning my employment, including but not limited to employment application and/or resume, wages, other benefits, attendance, job description, performance ratings, pre-

>       employment physical exams, yearly physical exams, and work-
>       related accident medical records, etc. to [defense counsel]

*Motion* (*Doc. 19*), Exhibit 1 at 7.  At the telephonic hearing, Defendants argued that Plaintiff's employment records, especially the reasons for his separations from his subsequent employers (since the time of his separation from Defendants), were relevant and discoverable to show whether Plaintiff was adequately mitigating his damages; that is, Defendants' theory is that Plaintiff's spotty subsequent employment has been due to his own shortcomings, which evidences a failure to mitigate.  *See* **Clerk's Minutes** (*Doc. 25*).  Plaintiff objected to the release, and he was right to do so.  The proposed authorization for employment records, and medical records in particular, was overly broad, unduly burdensome, and sought private information that was unrelated to any claim or defense in this case.  The Court will compel a release for employment records from subsequent employers only, limited to Plaintiff's dates of employment, wages and benefits, and reasons for separation.  *See Luna v. Vista @ 7 Bar Ranch-Archstone Smith*, No. 07cv0187 PJK/LFG (*Doc. 28*) at 6 (unpublished District of New Mexico Order compelling the release of "where Plaintiff was employed, how much she earned and why she left.").

<u>Request for Production No. 23:  Federal Income Tax Returns Release</u>

The Court will grant the motion to compel the authorization for the release of federal income tax returns for 2003 through the present because these records will reflect the amount of Plaintiff's earnings five years prior to employment with Defendants and subsequent to his separation.  *See EEOC v. Kansas City Southern Ry.*, 195 F.R.D. 678, 679–80 (D. Kan. 2000) (discussing collection of cases where discovery of information for a period time, including five years, prior to liability period was deemed reasonable).  These tax records are relevant to Plaintiff's claims for past lost

wages and benefits, past lost income and, possibly, to lost earning capacity, as well as to Defendants' defense of failure to mitigate damages.  *See id.*

Request for Production No. 24:  Social Security Earnings Release

The Court will deny the motion to compel the authorization for the release of social security earnings records as duplicative of Plaintiff's earnings and because there has been no suggestion that Plaintiff has applied for social security benefits or has claimed a disability.  *See **Clerk's Minutes** (Doc. 25)* (no SSA benefits or disability suggested in this case); *see Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2008 WL 1898406 at *2 (D. Colo. April 28, 2008) (unpublished) (declining to compel SSA records where there was no evidence of claim for social security benefits); *see also Fuller v. New Piper*, No. 04cv0414 RHS/ACT (Doc. 84) at 8 (unpublished District of New Mexico Order holding same); *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339 at *8 (10th Cir. Oct. 9, 2001) (unpublished) (social security records relevant where Plaintiff had filed for disability benefits).

**IT IS THEREFORE HEREBY ORDERED** that *Defendants' Motion to Compel Responses to Requests for Production* (*Doc.19*) is **GRANTED in part and DENIED in part**. Defendants will submit new versions of the authorizations for release of federal income tax and employment records that are consistent with this order.  Because Defendants' Motion to Compel is granted in part and denied in part, the Court declines to award attorney's fees and costs to either party.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**